# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 23, 2012 Session

## IN RE: MARIA B. S. and ANNA J. S.

**Direct Appeal from the Circuit Court for Knox County**
**No. 3-410-10     Wheeler Rosenbalm, Judge**

---

**No. E2011-01784-COA-R3-PT-FILED-APRIL 25, 2012**

---

Father appeals from an order terminating his parental rights, claiming that the order failed to make sufficient findings regarding grounds for termination. We reverse in part, vacate and remand for the preparation of an order that contains the requisite findings of fact and conclusions of law.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed in Part, Vacated in Part, and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Robin Gunn, Knoxville, Tennessee, for the appellant, Lewis S.

N. David Roberts, Jr., Knoxville, Tennessee, for the appellees, Matthew V. and Carlene V.

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

This appeal involves a petition to terminate the parental rights of Lewis S. ("Father") that was filed by the foster parents of his twin daughters. The children were born out-of-wedlock on January 1, 2010, and their mother surrendered her parental rights shortly thereafter. The petition seeking to terminate Father's parental rights alleged several statutory grounds for termination. First, the petition alleged that Father had abandoned the children pursuant to Tennessee Code Annotated section 36-1-113(g)(1). Specifically, the petition alleged that Father's conduct met two alternative definitions of abandonment: Tennessee Code Annotated section 36-1-102(1)(a)(i), which is willful failure to visit or support during the four months preceding the filing of the petition; and section 36-1-102(1)(a)(iv), which applies to incarcerated parents and requires willful failure to visit or support during the four months preceding incarceration or conduct prior to incarceration that exhibited a wanton disregard for the welfare of the child. The second ground for termination alleged in the petition was the one commonly referred to as "persistent conditions," which is set forth at Tennessee Code Annotated section 36-1-113(g)(3). Finally, the petition alleged that Father's name did not appear on the children's birth certificates and that he had never been adjudicated as the legal father of the children. Accordingly, the petition alleged that grounds for termination existed pursuant to 36-1-113(g)(9), which lists six additional grounds for terminating the rights of non-legal fathers. After detailing various factual allegations, the petition further alleged that termination was in the best interest of the children.

At the time of commencement of the proceedings and at the time of trial, Father was incarcerated. He participated in the trial and testified by telephone over the intercom system. Several other witnesses testified before the court. Thereafter, the trial court entered a 22-page order in which it terminated Father's parental rights on several grounds. Father timely filed a notice of appeal.

## II. ISSUE PRESENTED

The sole issue presented by Father on appeal is whether the trial court's order terminating Father's parental rights is fatally deficient due to a lack of specificity with regard to which grounds for termination were found to exist. Father did not provide this Court with a transcript or statement of the evidence from the hearing, and he does not present any argument regarding the sufficiency of the evidence offered in support of any particular ground. Indeed, Father argues that it was impossible for him to formulate arguments on appeal because he could not discern from the trial court's order which grounds for termination were found to be applicable. Having reviewed the trial court's order, we

likewise find it to be deficient. Therefore, we reverse in part, vacate and remand the case with directions for the trial court to make the required specific written findings of fact and conclusions of law regarding grounds for termination.

### III.  DISCUSSION

In Tennessee, proceedings to terminate a parent's parental rights are governed by statute. "Parties who have standing to seek the termination of a biological parent's parental rights must prove two things." *In re Audrey S.*, 182 S.W.3d 838, 860 (Tenn. Ct. App. 2005); *see also In re M.J.B.*, 140 S.W.3d 643, 653 (Tenn. Ct. App. 2004). First, they must prove the existence of at least one of the statutory grounds for termination, which are listed in Tennessee Code Annotated section 36-1-113(g). *Id.* Several grounds for termination are listed in subsection (g), but the existence of any one of the grounds enumerated in the statute will support a decision to terminate parental rights. *In re S.R.C.*, 156 S.W.3d 26, 28 (Tenn. Ct. App. 2004); *In re J.J.C.*, 148 S.W.3d 919, 925 (Tenn. Ct. App. 2004). Second, the petitioner must prove that terminating parental rights is in the child's best interest, considering, among other things, the factors listed in Tennessee Code Annotated section 36-1-113(i). *In re Audrey S.*, 182 S.W.3d at 860. Because no civil action carries graver consequences than a petition to sever family ties forever, both of the elements for termination must be proven by clear and convincing evidence. *Id.* at 860–61. In sum, "[t]o terminate parental rights, a trial court must determine by clear and convincing evidence not only the existence of at least one of the statutory grounds for termination but also that termination is in the child's best interest." *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006) (citing *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002)).

Tennessee Code Annotated section 36-1-113(k) "explicitly requires courts terminating parental rights to enter an order which makes specific findings of fact and conclusions of law whether they have been requested to do so or not." *In re Audrey S.*, 182 S.W.3d at 861. "The findings of fact and conclusions of law required by Tenn. Code Ann. § 36-1-113(k) must address the two necessary elements of every termination case." *In re J.D.C.*, No. E2007-02371-COA-R3-PT, 2008 WL 1899987, at *8 (Tenn. Ct. App. Apr. 30, 2008). They must address whether one or more of the statutory grounds for termination have been established by clear and convincing evidence, and they must address whether terminating parental rights is in the child's best interest. *Id.* "[G]iven the importance of establishing the permanent placement of a child who is the subject of a termination of parental rights proceeding, the trial court should include in its final order findings of fact and conclusions of law with regard to each ground presented." *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003). "If the trial court addresses each ground that is raised in a termination proceeding, the child's permanent placement will not be unnecessarily delayed due to a remand for findings on alternate grounds." *Id.* In sum, "trial courts must prepare and file written

findings of fact and conclusions of law with regard to every disposition of a petition to terminate parental rights, whether they have been requested or not."[1] *In re K.N.R.*, No. M2003-01301-COA-R3-PT, 2003 WL 22999427, at *2 (Tenn. Ct. App. Dec. 23, 2003).

"Meticulous compliance with the mandates of Tenn. Code Ann. § 36-1-113(k) [is] required by appellate courts." *In re MEI*, No. E2004-02096-COA-R3-PT, 2005 WL 2346978, at *3 (Tenn. Ct. App. Sept. 26, 2005). "When a trial court has not complied with Tenn. Code Ann. § 36-1-113(k), we cannot simply review the record de novo and determine for ourselves where the preponderance of the evidence lies as we would in other civil, non-jury cases." *In re K.N.R.*, 2003 WL 22999427, at *3.

> A trial court's failure to comply with Tenn. Code Ann. § 36-1-113(k) affects more than the standard of appellate review. It affects the viability of the appeal. When a trial court fails to enter an order containing adequate findings of fact and conclusions of law with regard to all alleged grounds for termination, the Tennessee Supreme Court has instructed the appellate courts to remand the case to the trial court for the preparation of appropriate written findings of fact and conclusions of law. *In re D.L.B.*, [118 S.W.3d at 367].

*In re C.R.B.*, No. M2003-00345-COA-R3-JV, 2003 WL 22680911, at *4 (Tenn. Ct. App. Nov. 13, 2003) (footnote omitted).

In the case at bar, the trial court's order discusses at length the unfortunate facts and circumstances surrounding the birth of these young children. Father has been incarcerated since before the children were born.[2] The court detailed Father's lengthy criminal history, his involvement with DCS, and his lack of involvement with the children. However, with specific regard to grounds for termination, the court's order is confusing and unclear. The order states, "Petitioners allege that the following statutory grounds exist to terminate the parental rights of [Father]," and then the order quotes Tennessee Code Annotated section 36-1-113(g)(1) regarding abandonment, (g)(2) regarding substantial noncompliance with a permanency plan, (g)(3) regarding persistent conditions, and (g)(9) regarding grounds

---

[1] Our Supreme Court has similarly instructed the Court of Appeals to review the trial court's findings of fact and conclusions of law as to each ground for termination, even though the statute only requires the finding of one ground to justify terminating parental rights, in order to further the policies of permanently placing children, reaching just and speedy resolutions of cases, and preventing unnecessary remands of cases heard by the Supreme Court. *In re Angela E.*, 303 S.W.3d 240, 251 n.14 (Tenn. 2010).

[2] The mother was in jail on a prostitution charge when the children were born. She returned to jail after their birth without naming them, stating that she did not want the children. Both children have significant health issues.

applicable to non-legal parents. Immediately thereafter, the trial court's order states that the court "finds by clear and convincing evidence that termination of the alleged father's parental rights is proven by statutory grounds and that termination . . . is in the best interest of the child," but it does not specify at this point which specific "statutory grounds" were actually proven. At the conclusion of the lengthy order, the trial court states that Father's rights "are hereby terminated upon the statutory grounds set forth at Tenn. Code Ann. Sec. 36-1-113(g)(1), (2) and (3)[.]" The statutory ground listed at (g)(2), regarding substantial noncompliance with a permanency plan, was not alleged in the termination petition, and the petitioners concede on appeal that they did not seek termination under (g)(2). They do not attempt to argue that termination was proper pursuant to (g)(2), but instead suggest that the trial court's reference to (g)(2) must have been a typographical error. Because the order simply states that Father's rights "are hereby terminated upon the statutory grounds set forth at Tenn. Code Ann. Sec. 36-1-113(g)(1), (2) and (3)," without elaboration, it is impossible for us to determine the trial court's intent. Subsection (g)(2) was mentioned at two separate locations in the trial court's order, and some of the trial court's factual findings appear to suggest that the trial court was considering whether Father substantially complied with a permanency plan. Thus, it is not clear to this Court that the reference to (g)(2) was a simple typographical error.

As for the allegation of abandonment pursuant to subsection (g)(1), the trial court's order does quote the definition of "abandonment" listed in Tennessee Code Annotated section 36-1-102(a)(1)(iv)[3], which applies to incarcerated parents and requires a willful failure to visit or support during the four months preceding incarceration *or* conduct prior to incarceration that exhibited a wanton disregard for the welfare of the child. However, after quoting this definition, the trial court did not specifically discuss if or how this definition applies to Father's conduct. The court never stated that Father abandoned the children, that he exhibited a wanton disregard for their welfare, or that he willfully failed to visit or support them during the four months prior to his incarceration. Thus, we find the trial court's findings with regard to this ground insufficient.

---

[3] The full text of this definition of abandonment, listed at Tenn. Code Ann. § 36-1-102(a)(1)(iv), states:

> A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration, or the parent or guardian has engaged in conduct prior to incarceration that exhibits a wanton disregard for the welfare of the child[.]

The statutory ground listed in (g)(3), persistent conditions, contains the following elements:

> The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and:
> (A) The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent(s) or guardian(s), still persist;
> (B) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) or guardian(s) in the near future; and
> (C) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home[.]

Tenn. Code Ann. § 36-1-113(g)(3). However, the trial court did not make any findings specifically referring to these elements or discussing how they apply to this case. As such, we must again conclude that the trial court failed to make sufficient findings regarding this ground for termination.[4]

Finally, with regard to the six additional grounds that are listed in (g)(9) for non-legal fathers, the trial court did make some statements in its order that mirror the language found in the statute.[5] For example, the order states at one point that Father "has not manifested an

---

[4] The appellees claim in their brief on appeal that the trial court made various findings that "overlap" between grounds, such as abandonment and persistent conditions. The appellees basically compile several of the factual findings made throughout the 22-page order which, in their opinion, would demonstrate "persistent conditions" or a "wanton disregard" for the children's welfare. The simple fact is, however, that *the trial court* never stated which facts in this case clearly and convincingly establish the elements required to terminate parental rights. We decline the appellees' invitation to attempt to match factual findings to the numerous grounds alleged in this case. "It is the role of the trial court to address, in the first instance, whether a ground for termination of parental rights is shown by the evidence and to make findings in that regard." **In re Landon H.**, No. M2011-00737-COA-R3-PT, 2012 WL 113659, at *7 (Tenn. Ct. App. Jan. 11, 2012).

[5] Subsection (g)(9) provides, in relevant part:

(A) The parental rights of any person who, at the time of the filing of a petition to terminate the parental rights of such person or, if no such petition is filed, at the time of the filing of a petition to adopt a child, is not the legal parent or guardian of such child or who is

(continued...)

ability and willingness to assume legal and physical custody of the children," and it also states that "placing the twins in this case in the care of [Father] poses a risk of substantial harm to the physical and psychological welfare of the children." This language would appear to suggest that the trial court found at least two of the additional grounds listed in (g)(9) to be applicable. However, the trial court never stated that it found (g)(9) applicable, and in fact, it appears to specifically omit (g)(9) as a basis for its decision when it states in conclusion that Father's rights "are hereby terminated upon the statutory grounds set forth at Tenn. Code Ann. Sec. 36-1-113(g)(1), (2) and (3)[.]"

As we have said before, we do not condone unnecessary delays in the final resolution of proceedings to terminate parental rights. *See e.g., In re C.R.B.*, 2003 WL 22680911, at *4. "All parties affected by these proceedings have a right to a prompt and just adjudication of their rights and interests. However, the parties also have a reasonable and legally enforceable expectation that . . . the courts will comply with the plain statutory requirements when they undertake to extinguish the relationship between a parent and his or her children." *Id.* Because the order in this case fails to sufficiently identify which grounds for termination were found to exist, and fails to make sufficient conclusions of law in connection with those grounds, we are left with no choice but to remand the case with directions to make the required specific written findings of fact and conclusions of law.

---

[5](...continued)
described in § 36-1-117(b) or (c) may also be terminated based upon any one (1) or more of the following additional grounds:

(i) The person has failed, without good cause or excuse, to pay a reasonable share of prenatal, natal, and postnatal expenses involving the birth of the child in accordance with the person's financial means promptly upon the person's receipt of notice of the child's impending birth;

(ii) The person has failed, without good cause or excuse, to make reasonable and consistent payments for the support of the child in accordance with the child support guidelines promulgated by the department pursuant to § 36-5-101;

(iii) The person has failed to seek reasonable visitation with the child, and if visitation has been granted, has failed to visit altogether, or has engaged in only token visitation, as defined in § 36-1-102(1)(C);

(iv) The person has failed to manifest an ability and willingness to assume legal and physical custody of the child;

(v) Placing custody of the child in the person's legal and physical custody would pose a risk of substantial harm to the physical or psychological welfare of the child; or

(vi) The person has failed to file a petition to establish paternity of the child within thirty (30) days after notice of alleged paternity by the child's mother, or as required in § 36-2-318(j), or after making a claim of paternity pursuant to § 36-1-117(c)(3)[.]

## IV.  CONCLUSION

For the aforementioned reasons, we reverse in part the decision of the circuit court, to the extent that the court terminated parental rights on the ground not asserted in the petition, Tennessee Code Annotated section 36-1-113(g)(2), and we vacate the remainder of the order and remand for further proceedings.  Costs of this appeal are taxed equally to the appellant, Lewis S., and to the appellees, Matthew V. and Carlene V., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.